FILED
SUPERIOR COURT
OF GUAM

2020 JUN 15 PM 3: 13
CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CF0119-20** |
| vs. | |
| **JOEL PANGELINAN,** a/k/a **Joel Duke Pangelinan,** a/k/a **Joel D. Pangelinan,** DOB: 05/07/1984 | **DECISION AND ORDER** (*Ex Parte* Motion to Modify Bail Conditions) |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 22, 2020 for a hearing on **JOEL PANGELINAN** a/k/a **Joel Duke Pangelinan** a/k/a **Joel D. Pangelinan**'s ("Defendant") *Ex Parte* Motion to Modify Bail Conditions ("Motion for Release"). Defendant was represented by Attorney William Pole. Assistant Attorney General James Canto, II appeared on behalf of the People of Guam ("the People"). After review of the submitted arguments and legal authorities, the Court hereby **DENIES** Defendant's Motion for Release.

## BACKGROUND

On February 28, 2020, Defendant was charged with **Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony)**, to wit: the unlawful and knowing possession, with intent to deliver, an amphetamines-based controlled substance; and **Possession of a Schedule II Controlled Substance (As a Third Degree Felony)**, to wit: the

unlawful and knowing possession of an amphetamines-based controlled substance in violation of Guam law.[1] Defendant had been confined since February 20, 2020. Mot. Modify at 1 (Apr. 20, 2020). On April 20, 2020, Defendant filed a Motion seeking release on personal recognizance. Id. He argued he had already spent sixty days in confinement, was still awaiting arraignment, was indicted on non-violent charges and required social distancing due to COVID-19. Id. at 1-3. The People opposed. Response at 1-3 (June 2, 2020). A Motion hearing was held on April 22, 2020, where the Court denied the motion from the bench.

## DISCUSSION

A defendant must be released on recognizance unless the court determines that the available facts show "such a release will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). Release is decided using the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

/

---

[1] Defendant specifically violated 9 Guam Code Annotated ("GCA") §§ 67.401.1(a)(1) and (b)(1) (2005) and §§ 67.401.2(a) and (b)(1). Indict. at 2 (Feb. 28, 2020).

8 GCA § 40.15(c). If a release of the defendant is deemed improper, the court must impose the least onerous condition which reasonably assures the appearance of the defendant and the safety of the community. 8 GCA § 40.20. Conditions of release include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 GCA § 40.20. See People v. Song, 2011 Guam ¶ 11.[2]

Using the factors in section 40.15(b), the Court has determined that the available information does not reasonably assure the appearance of Defendant or the safety of the community. Although Defendant states he has every incentive to not go back to jail, the Court is concerned about Defendant's history of convictions and violent offenses. Defendant's prior cases include: (1) In CM0229-04, **Assault (As a Misdemeanor)**; (2) In CF0080-05, **Family Violence (As a Misdemeanor)** as a lesser-included offense of Family Violence (As a Third Degree Felony) and **Assault (As a Misdemeanor)** as a lesser-included offense of Aggravated Assault (As a Third Degree Felony); (3) in CM0213-07, **two counts** of **Family Violence/Child Abuse (As a Misdemeanor)**; (4) in CM0246-11, **Driving While Under the Influence of Alcohol (As a Misdemeanor)**; and (5) CF0169-15, **Theft of Property (As a Third Degree Felony)** as a lesser-included offense of Theft (As a Second Degree Felony). Defendant's prior criminal history shows he poses a risk to the safety of the community. Moreover, the Court is inclined to agree with the

---

[2] "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." Song, 2011 Guam ¶ 11.

People's argument that although **Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony)** is not a violent crime *per se*, the continued distribution of methamphetamine could cause or exacerbate harm for the already vulnerable communities impacted by the unprecedented COVID-19 health pandemic. Response at 2. Lastly, there is a likelihood of Defendant's conviction based on the circumstances surrounding his arrest. At the time of Defendant's arrest, he was found with a black digital scale and a lockbox containing "approximately 12.5 gross grams of methamphetamine, $200.63 in cash, sixteen plastic bags, and three-heat sealed straws." Order, Pretrial Confinement at 3 (June 4, 2020). Thus, the Court believes the facts available show Defendant's appearance and the safety of others cannot be reasonably assured. Therefore, the Court finds it would be improper to release Defendant on personal recognizance, and that the least onerous condition to provide reasonable assurance would be his continued confinement. However, this decision does not preclude Defendant from requesting release to third party custodians or release on electronic monitoring in the future.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Defendant's Motion for Release.

An **Arraignment hearing** is set for **June 17, 2020 at 10:00 A.M.**

**SO ORDERED** this _____ 15 _____ day of June 2020.


_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam